**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JON MILLS
ADC #86911                                                                                                    PLAINTIFF

V.                                          2:09CV00188 JMM/JTR

GREG HARMON, Warden
East Arkansas Regional Unit, et al.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the
       United States District Judge was not offered at the hearing before the

    Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

  Plaintiff, Jon Mills, a prisoner in the Arkansas Department of Correction, has filed a *pro se* § 1983 Substituted Complaint and a Motion for a Temporary Restraining Order. *See* docket entries #7 and #9 For the following reasons, the Court recommends that the: (1) Substituted Complaint be dismissed, without prejudice; and (2) Motion for a Temporary Restraining Order be denied.

## II. Discussion

  On December 28, 2009, Plaintiff filed a verbose and confusing Complaint raising *at least* 9 factually and legally distinct claims, some of which contained subparts, against 19 different Defendants. *See* docket entry #2. On January 13, 2010, the Court entered an Order striking the Complaint because it was in clear violation of Federal Rules of Civil Procedure 8 and 20. *See* docket entry #5. The Court gave Plaintiff thirty days to file a Substituted Complaint that: (1) contained only claims that arose out of the same transaction or occurrence, and involved common questions of law or fact; and (2) named only the Defendants involved in those related claims. *Id.*

Importantly, the Court advised Plaintiff that if he failed to timely and properly do so, this case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id.*

On February 17, 2010, Plaintiff filed a Substituted Complaint raising *at least* thirteen legally and factually distinct claims against twenty-four Defendants. *See* docket entry #7. Plaintiff's Substituted Compliant is in flagrant violation of Fed. R. Civ. P. 8 and 20 and the Court's July 13, 2010 Order. Accordingly, it should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Plaintiff has also filed an incomprehensible "Motion for a Temporary Restraining Order," in which he reasserts may of the claims set forth in his Substituted Complaint. *See* docket entry #9. In that Motion, Plaintiff appears to be asking the Court to rule in his favor on the merits, rather requesting some form of temporary injunctive relief. *Id.* Finally, Plaintiff has not made no attempt to show how he will suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b). Thus, Plaintiff's Motion for a Temporary Restraining Order should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to Local Rule 5.5(c)(2), this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to comply with the Court's January 13, 2009 Order and Rules 8 and 20 of the Federal Rules of Civil Procedure.

2.      Plaintiff's Motion for a Temporary Restraining Order (docket entry #9) be DENIED.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

    Dated this 22nd day of March, 2010.

                                                                _____
                                                                UNITED STATES MAGISTRATE JUDGE